UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and ROBERT SCOTT, Revenue Officer,<br><br>　　　　Petitioners,<br><br>　　v.<br><br>LAUGHLIN GILLIES,<br><br>　　　　Respondent. | No. CV-11-03623 CW (MEJ)<br><br>REPORT AND RECOMMENDATION <u>REGARDING CONTEMPT</u> |

　　　　This matter is before the Court on an order to show cause why respondent Laughlin Gillies should not be required to appear before the Internal Revenue Service (IRS) in compliance with an IRS summons. Mr. Gillies did not file any papers in response to the order to show cause. Having considered the moving papers and all other evidence of record, the undersigned recommends that the petition be GRANTED.

**I. BACKGROUND**

　　　　On December 9, 2012, the District Court adopted the undersigned's Report and Recommendation that the Internal Revenue Summons at issue in this case be enforced, and ordered Respondent to appear before Petitioners. Dkt. No. 18. Respondent as failed to appear before Petitioner as ordered. Dkt. Nos. 21, 22. Upon Petitioners' application, the District Court ordered Respondent to show cause why he should not be held in contempt for failing to comply

with the Court's order to enforce the summons. Dkt. No. 25. The District Court referred the issue to the undersigned for a Report and Recommendation. Dkt. No. 27. On February 6, 2012, the undersigned ordered Respondent to appear before it on March 22, 2012, to show cause why he should not be held in contempt for failing to comply with the District Court's order. Dk. No. 28. The undersigned requested that Respondent file a written response by March 1, 2012. Dkt. No. 28. On February 6, 2012, Petitioners served Respondent with a copy of the undersigned's Order. Dkt. No. 29. Respondent did not file a response, and failed to appear at the March 22, 2012, hearing.

## II. DISCUSSION

The contempt power is inherent. "A court has the inherent power to punish for civil or criminal contempt any obstruction of justice relating to any judicial proceeding." *Lambert v. Montana*, 545 F.2d 87, 88 (9th Cir. 1976) (civil contempt judgment). "Embedded in Anglo-American law is the inherent power of the judiciary to coerce obedience to its orders by summarily holding a recalcitrant person . . . in civil contempt, and then imprisoning him until he complies." *In re Grand Jury Investigation (Braun)*, 600 F.2d 420, 422 (3d Cir. 1979) (civil contempt judgment). Although inherent, the contempt power is limited by constitution, statutes and rules. Title 28 U.S.C. § 1826(a), concerning civil contempt by witnesses, provides that after a showing of noncompliance with an order, the contemnor has the burden of showing "just cause" to avoid confinement until compliance, not exceeding 18 months. Elements for the prima facie case of civil contempt are a court order and a failure to comply with the order. Willfulness is not an element of civil contempt: "An act does not cease to be a violation of a law and of a decree merely because it may have been done innocently. The force and vitality of judicial decrees derive from more robust sanctions." *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949) (civil contempt judgment); *United States v. Asay*, 614 F.2d 655, 661 (9th Cir. 1980). The petitioner has the burden of making its prima facie case of civil contempt by clear and convincing proof. *Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 466 (9th Cir. 1989).

On December 9, 2012, the District Court issued an order enforcing the Internal Revenue

1  Summons. Respondent failed to comply with the District Court's Order enforcing the Internal
2  Revenue Summons. The undersigned provided Respondent an opportunity to show cause why
3  he should not be held in contempt for failing to comply with the District Court's order.
4  However, Respondent failed to appear or show cause.

    Accordingly, the undersigned finds as follows:

    1) Respondent failed to comply with the District Court's Order enforcing the Internal
Revenue Summons;

    2) Respondent failed to show cause why he should not be held in contempt of court for
failing to comply with the District Court's Order enforcing the Internal Revenue Summons.

### III. RECOMMENDATION

Based on the foregoing, the undersigned recommends that an order be issued holding Laughlin Gillies in contempt of court.

Any party may file objections to this report and recommendation with the district judge within fourteen (14) days after being served with a copy. 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b); Civ. L.R. 72-3.

Petitioners are instructed to promptly serve a copy of this report and recommendation on respondent and to file a proof of service with the Court.

**IT IS SO RECOMMENDED.**

Dated: March 26, 2012

_____
MARIA-ELENA JAMES
United States Magistrate Judge