UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and ROBERT SCOTT, Revenue Officer,<br><br>　　　Petitioners,<br><br>　v.<br><br>LAUGHLIN GILLIES,<br><br>　　　Respondent. | No. CV-11-3623 CW (MEJ)<br><br>**REPORT AND RECOMMENDATION RE: SECOND MOTION FOR ORDER FINDING RESPONDENT IN CONTEMPT**<br><br>**Re: Docket No. 37** |

　　　This matter is before the Court on the government's Second Motion for Order Finding Respondent Laughlin Gillies in Contempt. Dkt. No. 37. On January 2, 2013, the Honorable Claudia Wilken referred the government's Motion to the undersigned to prepare a report and recommendation. Dkt. No. 40. Respondent did not file any papers in response and did not appear at the February 14, 2013 hearing. Dkt. Nos. 41, 43. Having considered the moving papers and all other evidence of record, the undersigned recommends that the Motion be GRANTED.

**BACKGROUND**

　　　On January 7, 2011, the Internal Revenue Service served Respondent with a summons, requiring him to appear before an IRS Revenue Officer on January 24, 2011, to produce certain testimony and documents required by the summons. Dkt. No. 1. Due to Respondent's failure to comply with the summons, the government filed a Verified Petition to Enforce Internal Revenue Service Summons. *Id*. On December 9, 2011, the Court ordered Respondent to comply with the summons. Dkt. No. 18.

　　　As Respondent subsequently failed to appear, the Court ordered him to show cause why he should not be held in contempt for failing to comply with the Court's order enforcing the summons. Dkt. No. 25. On April 10, 2012, after holding a hearing at which Respondent did not

appear, the Court issued an Order finding him in contempt. Dkt. Nos. 33, 35. The Court imposed a $250 per day fine for any future non-compliance and included a caveat – Respondent could avoid any fine by complying within 21 days. Dkt. No. 35. The government served the Order on Respondent on April 12, 2012. Dkt. No. 36.

In addition, the government sent Respondent letters on April 11, April 26, May 3, and July 11, 2012, urging that he contact the assigned IRS Revenue Officer. Moore Decl., Exs. A-D, Dkt. No. 38. All four letters went unanswered and Respondent has yet to provide the records and testimony sought by the summons. *Id.*

On January 2, 2013, the government filed the present Second Motion for Order Finding Respondent In Contempt. Dkt. No. 37. The government now moves for an order finding Respondent in civil contempt for his failure to comply with the Court's December 9, 2011 Order, and requiring that he be incarcerated until he complies with the Order. *Id.* On February 14, 2013, a hearing was held on the government's Motion. Respondent did not oppose the motion and did not appear at the hearing. Dkt. No. 43.

## DISCUSSION

A court has the inherent power to enforce its orders through civil contempt. *Shillitani v. United States*, 384 U.S. 364, 370 (1966). To find Respondent in contempt, the government has the burden to show "'(1) that [Respondent] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence.'" *Labor/Cmty. Strategy Ctr. v. L.A. County Metro. Trans. Auth.*, 564 F.3d 1115, 1123 (9th Cir. 2009) (quoting *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)). If the government establishes a prima facie case of contempt, Respondent may still avoid a finding of contempt by demonstrating a present inability to comply with the enforcement order. *Id.*

Once the Court finds a party to be in contempt of an order enforcing an IRS summons, it may impose criminal or civil contempt sanctions. *United States v. Asay*, 614 F.2d 655, 659 (9th Cir. 1980). If the sanction is designed to "compel the respondent to comply or to

compensate the petitioner for the refusal, the contempt proceeding is civil in nature.  If the purpose is to punish the respondent and vindicate the court, the proceeding is criminal." *Id.* Civil contempt sanctions are an appropriate mechanism for securing compliance with orders enforcing IRS summonses, so long as the respondent has the ability to purge the contempt by his own affirmative act and "carries the keys of his prison in his own pocket." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828 (1994).

Compulsory civil contempt sanctions include coercive imprisonment through which courts may impose a conditional period of imprisonment to coerce an individual to obey a validly entered order. 18 U.S.C. § 401; *Uphaus v. Wyman*, 360 U.S. 72, 81-82 (1959).  Ordering the arrest and incarceration of a respondent until he acquiesces is appropriate to secure compliance with orders enforcing IRS summonses. *United States v. Rylander*, 460 U.S. 752, 760-62 (1983), *United States v. Ford*, 514 F.3d 1047, 1053 (10th Cir. 2008) ("Like the district court, we once again remind Ford that he holds the proverbial keys to the prison doors. He himself can choose to end his incarceration at any point in time, by simply complying with the IRS requests.").  However, coercive imprisonment must eventually end, even if the respondent does not comply. *Lambert v. Montana*, 545 F.2d 87, 89 (9th Cir. 1976).  Coercive confinement must end once the court determines confinement achieved any possible coercive effect and additional confinement would be punitive. *Id.*

Here, Respondent has failed to comply with the Court's December 9, 2011 Order enforcing the IRS's summons and requiring him to provide the records and testimony requested by the summons. On April 10, 2012, the Court found Respondent in contempt of its December 9, 2011 Order and imposed a $250 per day fine for any future non-compliance. Dkt. No. 35. The government served Respondent with the Court's order on April 12, 2012. Dkt. No. 36. Respondent has now failed to respond to the Court's Order for more than 300 days.  He also appears to have ignored the four subsequent letters from the government requesting his compliance. Moore Decl., Exs. A-D, Dkt. No. 38.  He has incurred a fine of no less than $75,000.  Despite the government's letters, the Court's orders, and the fines Respondent faces,

he has thus far failed to comply.

Additionally, imprisonment is the most appropriate sanction at this point in the proceedings to coerce Respondent to follow the Court's Orders.  The Court has already tried to secure Respondent's cooperation through less onerous coercions.  More than 300 days and $75,000 in fines later, it is clear that such fines have not succeeded.  Accordingly, incarceration is the only viable option to coerce him to comply with the Court's Orders.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Court GRANT the government's Motion and that:

1. A bench warrant for the arrest of Respondent Laughlin Gillies shall be issued;

2. The United States Marshal shall notify the United States Attorney, the Federal Public Defender, and the Courtroom Deputy for the Honorable Claudia Wilken as soon as Respondent Laughlin Gillies is arrested; and

3. Upon arrest, Respondent Laughlin Gillies shall be incarcerated until he complies with the the Court's December 9, 2011 *Order Adopting Magistrate Judge's Report And Recommendation Re Verified Petition To Enforce IRS Summonses*.

Any party may file objections to this Report and Recommendation with the District Court Judge within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Civ. L.R. 72-3.

Petitioners are instructed to promptly serve a copy of this report and recommendation on respondent and to file a proof of service with the Court.

**IT IS SO RECOMMENDED.**

Dated: February 22, 2013

_____
MARIA-ELENA JAMES
United States Magistrate Judge